UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN SCOTT STAIR,

        Petitioner,        Case No. 1:11-cv-908

v.        Honorable Robert J. Jonker

CINDI S. CURTIN,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to the claims raised in the petition. Because Petitioner has no time remaining in the limitations period for filing a habeas petition, the Court will not dismiss the action at this time, pending Petitioner's compliance with the further directions of this Court set forth in this opinion and attached order.

**Discussion**

    I.       Factual allegations

Petitioner presently is incarcerated at the Oaks Correctional Facility. In 2008, he was convicted in Grand Traverse County Circuit Court of one count of assault of a pregnant individual with intent to cause a miscarriage or stillbirth, MICH. COMP. LAWS § 759.90A, and one count of first-degree murder, MICH. COMP. LAWS § 750.316A. On February 25, 2008, the trial court sentenced Petitioner to prison terms of eighteen to fifty years on the first count and life imprisonment on the second count.[1] Shortly before his sentencing, Petitioner had filed a motion for a new trial. On February 27, he appealed his conviction. The Court of Appeals dismissed the appeal for lack of jurisdiction because the judgment was not yet final when the appeal was filed. *See People of Mich. v. Scott*, No. 283964 (Mich. Ct. App. Apr. 23, 2008). The circuit court dismissed the motion for a new trial without prejudice (docket #2-5, Page ID#520). On October 9, Petitioner again appealed his conviction. The Michigan Court of Appeals denied the appeal on May 20, 2010. *See People of Mich. v. Scott*, No. 288175 (Mich. Ct. App.). Petitioner filed a motion for reconsideration that was denied on July 9, 2010. Petitioner did not seek leave to appeal to the Michigan Supreme Court. Petitioner did not file a post-conviction motion for relief from judgment pursuant to MICH. CT. R. 6.500 *et seq*.

On January 18, 2011, Petitioner filed a complaint for writ of superintending control with the Michigan Court of Appeals pursuant to Mich. Ct. R. 7.206(B). The complaint alleged that the circuit court failed to maintain certain documents in the court record and that, as a result, the

---

[1] The information regarding Petitioner's convictions and sentences was obtained from the MDOC Offender Tracking Information System website at http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=678189.

record transmitted to the appellate court was incomplete. Petitioner claims that the incomplete record denied him meaningful appellate review. The Michigan Court of Appeals denied the writ on June 7, 2011, and denied reconsideration on July 20, 2011. Petitioner filed an application for leave to appeal to the Michigan Supreme Court, which remains pending. Petitioner filed his habeas petition on August 29, 2011.

I. Timeliness

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* The Michigan Court of Appeals affirmed Petitioner's conviction on May 20, 2010, but Petitioner filed a timely motion for reconsideration. Motions for reconsideration delay the finality of the state court's judgment for purposes of § 2244(d)(1). *See Allen v. Yukins*, 366 F.3d 396, 400 (6th Cir. 2004). After the motion was denied on July 9, 2010, Petitioner had 56 days in which to file a delayed application for leave to appeal in the Michigan Supreme Court, but he failed to do so. Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition under § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*") (emphasis added). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See United States v. Cottage* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the time

for filing a petition does not include the ninety-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522 (2003) (holding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255).

Petitioner's conviction became final on September 3, 2010, and absent tolling,[2] his petition was due within a year from that date, or by Tuesday, September 6, 2011.[3] Therefore, Petitioner's habeas petition, which was filed on August 29, 2011, is timely.

    II.    <u>Failure to exhaust available state-court remedies</u>

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve

---

[2] The running of the one-year statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Court declines to determine at this juncture whether Petitioner's complaint for writ of superintending control tolled the statute of limitations when it was filed.

[3] The calculation of this date takes into account three extra days for the weekend of September 3-4 and the federal holiday on September 5. *See* FED. R. CIV. P. 6(a).

any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner presents the following grounds for relief in his petition:

I.  PROSECUTORIAL MISCONDUCT IN THE . . . WITHHOLDING AND DESTRUCTION OF EVIDENCE DENIED [PETITIONER'S] RIGHT TO PRESENT A DEFENSE AND VIOLATED DUE PROCESS UNDER THE [SIXTH AND FOURTEENTH AMENDMENTS].

II. PETITIONER'S RIGHT TO A FAIR AND PUBLIC TRIAL WAS DENIED IN VIOLATION OF THE [SIXTH AND FOURTEENTH AMENDMENTS].

III. REPEATED FAILURES TO FOLLOW APPLICABLE COURT RULES AND TRIAL PROCEDURES VIOLATED PETITIONER'S SUBSTANTIVE AND PROCEDURAL DUE PROCESS [RIGHTS] UNDER THE [FIFTH, SIXTH AND FOURTEENTH AMENDMENTS].

IV. TRIAL ATTORNEY'S CONFLICT OF INTEREST DEPRIVED PETITIONER [OF] THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE [SIXTH AND FOURTEENTH AMENDMENTS].

V.  REPEATED FAILURES OF TRIAL COUNSEL TO PERFORM BASIC DUTIES DENIED PETITIONER EFFECTIVE ASSISTANCE OF TRIAL COUNSEL GUAR[A]NTEED UNDER THE [SIXTH AND FOURTEENTH AMENDMENTS].

VI. INSUFFICIENT EVIDENCE TO SUSTAIN THE CONVICTION VIOLATED PETITIONER'S RIGHTS UNDER THE [FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS].

VII. IMPROPER JURY INSTRUCTIONS DENIED PETITIONER'S RIGHT TO A FAIR TRIAL UNDER THE [SIXTH AND FOURTEENTH AMENDMENTS].

VIII. ERRONEOUS JUDICIAL DECISIONS TO EXCLUDE EVIDENCE VIOLATED PETITIONER'S RIGHTS UNDER THE [SIXTH AND FOURTEENTH AMENDMENTS].

IX. CONVICTION [WAS] OBTAINED IN VIOLATION OF THE PRIVILEGE AGAINST SELF-INCRIMINATION UNDER THE [FIFTH AND FOURTEENTH AMENDMENTS].

X. JURORS BIASED BY EXTENSIVE MEDIA COVERAGE DENIED PETI[T]IONER THE RIGHT TO AN IMPARTIAL JURY UNDER THE [SIXTH AND FOURTEENTH AMENDMENTS].

XI. DENIAL OF THE RIGHT TO BE PRESENT DURING CRITICAL STAGES IN VIOLATION OF THE [SIXTH AND FOURTEENTH AMENDMENTS].

XII. JUDICIAL ABUSES OF DISCRETION VIOLATED PET[IT]IONER'S DUE PROCESS RIGHTS UNDER THE [FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS].

XIII. JUDICIAL BIAS AGAINST PETITIONER DENIED PETITIONER THE FAIR TRIBUNAL GUAR[A]NTEES UNDER THE [SIXTH AND FOURTEENTH AMENDMENTS].

XIV. APPOINTED APPELLATE ATTORNEY'S CONFLICT OF INTEREST DENIED PETITIONER THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL REQUIRED BY DUE PROCESS UNDER THE [FOURTEENTH] AMENDMENT.

XV. THE INCOMPLETE COURT RECORD PRECLUDED MEANINGFUL APPELLATE REVIEW UNDER THE DUE PROCESS CLAUSE OF THE [FOURTEENTH AMENDMENT].

>       XVI.    LACK OF APPEAL OF RIGHT DUE TO JURISDICTIONAL DEFECTS VIOLATES DUE PROCESS UNDER THE [FOURTEENTH] AMENDMENT.

(Pet., docket #1, Page ID##6-39.)

Petitioner has not exhausted any of the foregoing claims. Plaintiff's direct appeal of his conviction the Michigan Court of Appeals failed to exhaust any claims because he did not seek review by the Michigan Supreme Court; in other words, he did not present his claims to all levels of the state's appellate system. *See Duncan*, 513 U.S. at 365-66. Similarly, Petitioner's writ for superintending control, even assuming that it is an adequate vehicle for presenting Petitioner's constitutional claims in the state courts, has not exhausted any of his claims because that action is still pending before the Michigan Supreme Court.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise his unexhausted claims. Petitioner may file a motion for relief from judgment under MICH. CT. R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy by which to exhaust his claims.

Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss "mixed" petitions[4] without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of

---

[4] A "mixed petition" is a habeas corpus petition that contains both exhausted and unexhausted claims.

limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a "mixed" petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*

The instant case does not present a mixed petition because none of Petitioner's claims is exhausted. It is unclear whether *Palmer* applies to non-mixed petitions. Assuming *Palmer* applies, however, the Supreme Court has held that the stay-and-abeyance procedure should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust before filing his petition, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278.

Consequently, if Petitioner wishes to pursue his claims, he must show cause within 28 days why he is entitled to a stay of these proceedings. Specifically, Petitioner must show: (1) good cause for his failure to exhaust before filing his habeas petition; (2) that his unexhausted

-9-

claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics.  *See Rhines*, 544 U.S. at 277-78.  If Petitioner fails to meet the *Rhines* requirements for a stay or fails to timely comply with the Court's order, the Court will dismiss the petition for failure to exhaust his claims.

      An Order consistent with this Opinion will be entered.


Dated:     October 3, 2011                   /s/ Robert J. Jonker
                                                    ROBERT J. JONKER
                                                    UNITED STATES DISTRICT JUDGE